UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMY MACDONALD-BASS,

        Plaintiff,

v.

        Case Number 09-11445-BC
        Honorable Thomas L. Ludington

JE JOHNSON CONTRACTING, INC.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Amy McDonald-Bass filed a three-count complaint on April 17, 2009, arising out of the termination of her employment on or about June 18, 2008, by Defendant JE Johnson Contracting, Inc. Plaintiff alleged claims for discrimination based on gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §§ 37.2101-.2804, and for retaliation in violation of the Michigan Worker's Disability Compensation Act ("WDCA"), Mich. Comp. Laws §§ 418.101-.941.

On July 28, 2010, the Court granted Defendant summary judgment on all of Plaintiff's claims. *See* [Dkt. # 25]. With respect to Plaintiff's claims for gender discrimination, Plaintiff did not demonstrate that she could establish the fourth element of a prima facie case or pretext under the *McDonnell Douglas Corp. v. Green* burden shifting framework. 411 U.S. 792, 802-03 (1973). Plaintiff sought to demonstrate that she was "similarly situated," but treated less favorably than two male employees, but her arguments that the male employees were similar in all relevant aspects were not persuasive. Plaintiff sought to establish pretext by demonstrating that Defendant "shifted" the

reasons for her discharge from the time of termination to the defense of this litigation, within the meaning of *Cicero v. Borg-Warner Auto., Inc.*, 280 F.3d 579, 591-92 (6th Cir. 2002). However, undisputed evidence in the record supported Defendant's concerns regarding Plaintiff's physical ability to do her job, as expressed at the time of her termination.

With respect to her claim for retaliation for filing a worker's disability compensation claim, Plaintiff advanced evidence that Defendant terminated her employment based on fear that Plaintiff was "going to get hurt," but Michigan law does not support a retaliation claim based on fear of future claims. *See Wilson v. Acacia Park Cemetery Ass'n*, 413 N.W.2d 79, 83 (Mich. Ct. App. 1987) (citation omitted); *Griffey v. Prestige Stamping, Inc.*, 473 N.W.2d 790, 792 (Mich. Ct. App. 1991) (per curiam). In addition, as to the worker's compensation claim that Plaintiff had previously filed, Plaintiff did not demonstrate a causal connection beyond temporal proximity to the termination of her employment, which by itself is insufficient to sustain a cause of action.

Now before the Court is Plaintiff's motion for reconsideration [Dkt. # 27], filed on August 11, 2010. Pursuant to the Court's request, Defendant filed a response [Dkt. # 29] on September 7, 2010. Plaintiff's motion will be denied because she has not identified "a palpable defect by which the court and the parties [were] misled . . . [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain." *See United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Generally such motions will not be granted where the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of*

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

Plaintiff advances three primary arguments in her motion for reconsideration. First, Plaintiff contends that she can establish the fourth element of a prima facie case of gender discrimination through evidence that she was replaced by someone who was not female and through statistical evidence. More specifically, Plaintiff asserts that Mechanical and General Superintendent Ray Johnson testified that Plaintiff was the only female pipefitter employed by Defendant during Plaintiff's employment despite the fact that there were approximately two hundred employees in the department; and that Vice President and General Manager Greg Younk testified that Defendant does not currently employ any female pipefitters. Plaintiff asserts that this demonstrates Defendant's "overwhelming preference" for male employees, and that she must have been replaced by a male worker. Plaintiff acknowledges that she did not raise these arguments in her response to Defendant's motion for summary judgment, but asserts that she would have raised the arguments at hearing if the Court had not canceled the hearing.

In response, Defendant contends that Plaintiff has waived these arguments because she did not advance the arguments, or evidence to support them, in response to Defendant's motion for summary judgment. *See, e.g.*, *Lowe v. U.S. Attorney Gen.*, No. 1:08-cv-24, 2009 WL 2611274, at *2 (W.D. Mich. 2009) (explaining that "a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion, or to introduce evidence which could have been proffered earlier") (quotations omitted). Defendant also contends that there is no evidence that

Plaintiff was "replaced" and suggests that the statistics advanced by Plaintiff lack probative value because Plaintiff has not advanced any evidence regarding the number of qualified potential applicants from the relevant labor market, citing *Grano v. Dep't of Dev. of City of Columbus*, 637 F.2d 1073, 1078 (6th Cir. 1980) ("The mere fact that a department is overwhelmingly male does not support an inference of discrimination where there are legitimate special qualifications for employment or advancement and no evidence is introduced as to the number and availability of qualified women.").

Based on the legal authority cited by Defendant, Plaintiff's argument are not persuasive. This is not to say, however, that further development of the facts and legal authority could not demonstrate that the "statistics" advanced by Plaintiff in this case are material to the analysis of Plaintiff's gender discrimination claims. The issue has simply not been adequately developed for the Court to reach an informed decision. The primary reason for this, as Defendant highlights, is that Plaintiff did not raise the arguments or advance probative evidence in response to Defendant's motion for summary judgment. Thus, these arguments have been waived, and do not provide a basis to grant Plaintiff's motion for reconsideration.

Second, Plaintiff contends that the Court did not construe the evidence in the light most favorable to Plaintiff when it rejected her arguments that she could establish pretext by demonstrating that Defendant's reasons for terminating her employment "shifted" from the time of termination of her employment to the defense of this action. Plaintiff insists that the only reason given for termination of Plaintiff's employment at the time of her termination was Ray Johnson's concerns about Plaintiff's physical ability to do the job, and that Defendant only asserted that "performance issues" played a role when this lawsuit was commenced. Plaintiff asserts that

Defendant was forced to do so because the documentary evidence did not demonstrate any concerns regarding Plaintiff's physical ability to do her job. Plaintiff maintains that the Court improperly resolved conflicting evidence in Defendant's favor when it determined that Defendant's reasons had not "shifted" but were "interrelated."

In response, Defendant contends that Plaintiff's argument should be rejected because it simply restates the argument advanced in her motion for summary judgment. This is true, except to the extent that Plaintiff asserts that the Court's analysis improperly resolved factual disputes. However, in determining that Defendant's reasons for terminating Plaintiff's employment did not "shift" within the meaning of *Cicero v. Borg-Warner*, 280 F.3d at 591, the Court did not resolve any factual disputes.

For example, there was undisputed evidence in the record that Ray Johnson discussed his concerns with Plaintiff regarding many things, including her ability to lift the bigger bore piping; that Plaintiff asked several of her coworkers, who described her as a "bottleneck," to lift the heavier piping; that Safety Director Bob Laraway expressed concern to Ray Johnson regarding Plaintiff's physical ability to safely perform her job; and that Human Resources Mananger Dan Ratell expressed concern to Vice President Greg Younk regarding whether Plaintiff could physically handle the job. Plaintiff does not explain why these orally expressed concerns must have been "documented" when Plaintiff has not provided any evidence to dispute that the conversations took place prior to the termination of her employment. Thus, there was undisputed contemporaneous evidence to support Defendant's concerns that Plaintiff was "going to get hurt," and it was not necessary for Defendant to "shift" its justification for terminating Plaintiff's employment to defend this action. Plaintiff's argument that the Court improperly resolved factual disputes does not provide

a basis for granting her motion for reconsideration.

Third, Plaintiff asserts that she advanced evidence to support her worker's compensation retaliation claim beyond temporal proximity. Plaintiff emphasizes that she advanced evidence that just a few weeks prior to her termination she had been cleared to return to work with no physical restrictions. Plaintiff asserts that the only reason that Defendant was concerned that she was "going to get hurt" at the time of the termination of her employment was that she had filed a worker's compensation claim just prior to her layoff and subsequent termination of employment.

In response, Defendant contends that Plaintiff's argument should be rejected because it simply restates the argument advanced in her motion for summary judgment. The Court agrees. Moreover, Plaintiff still does not explain how the evidence advanced demonstrates more than temporal proximity and fear that Plaintiff would file another worker's compensation claim in the future.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 27] is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: September 27, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---